Hillsborough
No. 80-458

BARBARA L. GURI (CUSHING)

v.

CHARLES GURI

July 2, 1982

*Cullity & Kelley,* of Manchester (*John C. Boeckeler* on the brief and orally), for the plaintiff.

*Joseph C. Krolikowski,* of Nashua, by brief and orally, for the defendant.

BROCK, J. This domestic relations case involves an action to recover alimony and child-support arrearages and a cross-motion for reconsideration of a divorce decree. The issues raised on this appeal from the decree of the Superior Court (*Souter*, J.) are: whether the plaintiff's acceptance of partial support and alimony payments from the defendant amounts to an implied agreement to reduce the payments ordered in the parties' divorce decree, and whether the plaintiff is estopped from now claiming the balance owed by the defendant under the divorce decree; whether payments made directly to the children for "extras" (such as a trip to France, college application fees and orthodontist bills) should be credited towards the defendant's support arrearages; and whether the trial court properly denied the defendant's cross-motion for reconsideration of the divorce decree.

The parties were divorced in Connecticut in 1973. Custody of their three minor children was given to the plaintiff. The defendant was ordered to pay $66 weekly support for each child, $30 weekly alimony, $1,500 legal fees and $1,609.88 arrearages. The defendant never paid either the arrearages or the legal fees and paid only a portion of the alimony and child support. The plaintiff commenced the present action in New Hampshire, where the defendant had established residency, for recovery of legal fees, arrearages due as of 1973, and the balance of support and alimony arrearages due after the decree in November 1978. The defendant filed a cross-motion for reconsideration of the divorce decree.

On the issues presented in the plaintiff's action for arrearages, the Trial Court (*Souter*, J.) ruled in substance as follows:

1. The arrearages and the legal fees ordered by the Connecticut divorce decree are due and owing.

2. The payments for "extras" made directly to the children are not to be credited towards the defendant's support obligations.

3. The plaintiff has not, by her acceptance of partial support and alimony payments, accepted them in full satisfaction of the defendant's obligations under the Connecticut divorce decree and is thus still entitled to sue for the balance.

4. According to the applicable Connecticut statute interest is payable from the dates and to the extent of the defaults at 6% simple interest; and, under RSA 524:1-a, interest at 6% is to be paid, from the date of

the suit, on the sums then due and on those later falling due.

The defendant challenges rulings 2 and 3 on appeal. We affirm.

■■ The first issue we consider is whether the plaintiff's acceptance of reduced payments constituted a consensual modification of the support obligations imposed by the divorce decree. Contractual obligations can be modified by either an express or an implied mutual agreement between the parties. *See Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 766–67, 423 A.2d 980, 982 (1980). Whether there was such an agreement between the parties is a question of fact to be determined by the trial court, and we will not disturb its determination if there is sufficient evidence in the record to support it. *See Salem Engineering v. Londonderry*, 122 N.H. 379, 385, 445 A.2d 1091, 1094 (1982). In New Hampshire, the rule is that acceptance of a sum less than is due does not, as a matter of law, constitute satisfaction in full. The trial court must determine on the facts of each case whether such acceptance constituted satisfaction in full. *Corey Steeplejacks Co. v. Cray*, 106 N.H. 126, 129–30, 206 A.2d 617, 619–20 (1965). The trial court in this case found no express agreement between the parties to modify the obligations of the divorce decree. In addition, it found that the plaintiff's silence did not indicate her implied agreement to forgive the obligation to pay full support and alimony under the divorce decree.

■■ Connected with the issue of whether there was an implied agreement between the parties is the question whether the plaintiff's long-term silence estops her from claiming the balance due on support and alimony payments. The elements of estoppel are: a misrepresentation of a material fact, made with the intent that the other party act upon it; and actual reliance by the other party to his detriment. *Appeal of Cloutier Lumber Co.*, 121 N.H. 420, 422, 431 A.2d 112, 113 (1981); *Storms v. U.S. Fidelity & Guar. Co.*, 118 N.H. 427, 432, 388 A.2d 578, 581 (1978). Under certain circumstances, an estoppel may arise from silence or inaction, as opposed to an actual misrepresentation. *See Town of Nottingham v. Lee Homes, Inc.*, 118 N.H. 438, 442, 388 A.2d 940, 942 (1978). This form of estoppel, however, is limited to situations where the silent party has knowledge and a duty to make a disclosure. *Concrete Constructors, Inc. v. Harry Shapiro & Sons, Inc.*, 121 N.H. 888, 893, 436 A.2d 77, 80 (1981). The trial court therefore correctly decided that the plaintiff had no obligation to affirmatively allege a breach of the defendant's obligations under the divorce decree, provided that she commenced suit for sums alleged to be due within the period of the

statute of limitations, and that her silent acceptance of partial payments did not estop her from bringing the action for arrearages.

We next consider whether the defendant should have been allowed a credit towards support arrearages for direct payments he has made to his children.

■ The general rule is that no credits are allowed for payments made directly to children. *McCrady v. Mahon,* 119 N.H. 247, 248, 400 A.2d 1173, 1174 (1979). The reason for this rule is that the custodial parent should have the discretion to decide how to allocate support payments for the basic needs of the children. *See id.,* 400 A.2d at 1174. The non-custodial supporting parent cannot unilaterally inhibit the exercise of that discretion.

■■ There are two exceptions to this general rule: where the custodial parent does not allocate support payments appropriately for the basic needs of the children; and where the custodial parent consents to direct payment to the children. *McCrady v. Mahon,* 119 N.H. at 248, 400 A.2d at 1174. In both instances, the trial court has the discretion to credit the direct payments toward support arrearages. *See Griffin v. Avery,* 120 N.H. 783, 787–88, 424 A.2d 175, 177 (1980). The trial court found that neither of the two exceptions applied in this case. Because its findings are supported by the evidence, we uphold the decision of the trial court denying the defendant credits against his support arrearages. *See Salem Engineering v. Londonderry,* 122 N.H. at 385, 445 A.2d at 1094.

■ Finally, the defendant argues that his motion to reconsider the divorce decree was improperly denied by the trial court because it was not timely filed under Superior Court Rule 73, which requires that motions to set aside a verdict be filed within seven days of rendition of a verdict. We need not consider this argument or the defendant's further claim that his motion was timely filed under Superior Court Rule 74, because it is clear that the trial court, in fact, considered the substance of the motion and alternatively denied it on the merits, reaffirming its earlier findings of fact and rulings of law.

*Affirmed.*

All concurred.