Rockingham
No. 85-270

WILLIAM J. CHENAUSKY

v.

LINDA R. CHENAUSKY

May 12, 1986

*Brown & LaPointe,* of Exeter (*Scott W. LaPointe* on the brief and orally), for the plaintiff.

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*James H. Schulte* on the brief and orally), for the defendant.

KING, C.J. This appeal arises from an order of the Superior Court (*Contas,* J.) denying the plaintiff's motion to set aside a decree modifying his child support obligations. The plaintiff contends that the court erred in (1) ruling that he had waived his rights under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app. §§ 501–591 (1982); and (2) ordering a retroactive increase in child support payments. We vacate the order and remand.

The parties were divorced by decree of the superior court on February 15, 1980. The court granted physical custody of the parties' three children to Linda Chenausky and ordered the plaintiff to pay $300 per month for child support. In June of the same year, the court granted the father custody of two of the children and ordered a reduction in child support to $125. By agreement of the parties, the mother once again took custody of all three children in January 1983. Although the plaintiff increased his child support payments to $200, no court order was entered as to custody or support. From January 1984 through March 1984, he paid $500 per month for child support, again in the absence of a court order. The next month, two of the children resumed living with their father.

In January 1985, the defendant filed a petition for modification of child support, giving notice to the plaintiff, who was serving in the United States Air Force in Arizona. Counsel in Arizona advised the plaintiff not to attend the scheduled hearing because the petition sought retroactive relief; the plaintiff did, however, file a response to the petition "for the use of the court in the hearing." After the March 1985 hearing on the petition, a default judgment was entered against the plaintiff. The Master (*Stephanie T. Nute,* Esq.) found that from January 1983 to April 1984 the plaintiff was obligated to pay child support in the amount of $500 per month and that from

April 1984 to the date of the petition, the support obligation was $200. The master ordered garnishment of the plaintiff's military pay to satisfy the arrearage that arose by virtue of the retroactive modification. Finally, future child support payments were set at $200 per month. The Court (*Gray*, J.) approved the master's recommendations.

The plaintiff moved to set aside the order and requested a new hearing before a different master. He personally appeared at the May 1985 hearing on this motion, which was held before the same master. The master recommended denial of the motion, and the Trial Court (*Contas*, J.) approved the recommendation.

■■ On appeal, the plaintiff contends that the judgment should have been set aside because the defendant failed to file an affidavit stating that he was in the military service. *See* 50 U.S.C. app. § 520(1) (1982). We disagree. No such affidavit was necessary because there was no "default of any appearance" within the meaning of section 520(1). In a broad sense, the term "appearance" embraces the act of a party coming into court. 5 AM. JUR. 2d *Appearance* § 1 (1962). Thus, any failure of a defendant in military service to appear at any stage of a proceeding might be thought to require the plaintiff to file an affidavit. In light of the underlying reason for the affidavit requirement, however, this interpretation is not justified. The purpose of section 520 is to protect persons in the military from having judgments entered against them without their knowledge. *Cloyd v. Cloyd*, 564 S.W.2d 337, 344 (Mo. Ct. App. 1978). Hence, courts have interpreted the phrase "any appearance" as referring to any action by the defendant in response to a plaintiff's summons or petition. A military serviceman may not invoke the protections of section 520(1) unless he has failed to make any appearance *at all* in the proceedings that culminated in the entry of the default judgment. *See* Kerig, *The Absent Defendant and the Federal Soldiers' and Sailors' Civil Relief Act*, 33 N.Y.U. L. REV. 975, 981–82 (1958). Once a defendant knows of the pendency of an action, the purpose of the provision is satisfied, thereby obviating the need for the protection that would be afforded by the filing of an affidavit.

■ The record indicates that William Chenausky submitted a response to the defendant's petition. The response set out facts attempting to demonstrate that Linda Chenausky was not entitled to a modification of the child support agreement. Although the plaintiff failed to attend the scheduled hearing on the petition, he did appear generally in the action by filing his response. Therefore, we find that the plaintiff did not "default in any appearance" so as to require the defendant to file an affidavit.

■ Although section 520(1) has no bearing on this case, William Chenausky was entitled to protection under subsection (3) of section 520. Subsection (3) states, in part:

"In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; . . . ."

A serviceman may appear in an action for purposes of subsection (1), yet his military duties may hinder the conduct of his defense. We interpret subsection (3) as authorizing a trial court to appoint an attorney to represent a party who does not appear personally or by an attorney in situations not covered by subsection (1). *Accord In re Realty Associates Securities Corp.*, 53 F. Supp. 1015, 1016 (E.D.N.Y. 1944).

■ The plaintiff did not personally attend the hearing, nor did an attorney attend on his behalf. Although his response did not indicate the reason he would not be attending the hearing, neither did it suggest that the plaintiff intended to waive his defense to the petition for child support. In these circumstances, the master ought to have appointed local counsel to represent the plaintiff.

Section 520(4) provides the statutory remedy for the court's failure to appoint counsel:

"If any judgment shall be rendered in any action or proceeding governed by this section against any person in the military service . . . and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, . . . be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. . . ."

■ The plaintiff alleged that due to financial hardship and his active military duty, he was unable to travel to New Hampshire for the initial hearing. We conclude that the plaintiff was prejudiced in defending this action by reason of his military service. To find that the court should have opened the judgment, however, the plaintiff must also have a valid defense to the petition. *See* 50 U.S.C. app. § 520(4) (1982). Linda Chenausky's petition asserted that she needed more money than the plaintiff provided for the children, but was precluded from seeking an increase in child support because the plaintiff was stationed overseas. Yet the master may have based the

order on a finding that the parties agreed upon support payments of $500 per month when the defendant took custody of all three children. Because the master failed to make findings to support the order, we are unable to ascertain whether the judgment represents a retroactive modification of the support order covering the period January 1983 to March 1984 or enforcement of a prior agreement between the parties.

■■ Ordinarily, the court's power to modify child support obligations under RSA 458:32 is limited to orders regarding future payments. *See McCrady v. Mahon*, 117 N.H. 762, 763, 378 A.2d 1143, 1144 (1977). In limited circumstances, we have permitted retroactive modifications by allowing credit toward arrearages. *See Guri (Cushing) v. Guri*, 122 N.H. 552, 556, 448 A.2d 370, 372 (1982); *Griffin v. Avery*, 120 N.H. 783, 787–88, 424 A.2d 175, 177 (1980). We decline, however, to allow a court to order a retroactive increase in child support years after the change in circumstances that forms the basis of the petition. "Any other rule would invite constant squabbles over alleged extra expenditures for the support and maintenance of children of divorced parties, where the court had already fixed a sum for such support." *Karminski v. Karminski*, 260 A.D. 491, 494, 23 N.Y.S.2d 141, 144 (1940). Thus, if the defendant was requesting retroactive modification, the plaintiff has a legal defense to her petition.

■ There may instead have been a consensual modification of the support agreement. On remand, if the court finds that there was such an agreement, the court may enforce it by ordering payment of the past-due support. *Cf. Guri*, 122 N.H. at 555, 448 A.2d at 371–72. If no agreement existed, the court may address only the defendant's request for prospective relief. In any case, the plaintiff has alleged facts sufficient to warrant an opening of the judgment under 50 U.S.C. app. § 520(4) (1982). Accordingly, we vacate the court's order for child support and remand this case for a hearing before a new master.

*Reversed and remanded.*

All concurred.