Hillsborough
No. 89-335

PATRICIA C. WALKER

v.

JEROME K. WALKER

July 18, 1990

*Raymond J. Kelly,* of Manchester, by brief and orally, for the plaintiff.

*McLane, Graf, Raulerson & Middleton P.A.,* of Manchester (*James R. Muirhead* and *Joseph D. Leverone* on the brief, and *Mr. Muirhead* orally), for the defendant.

PER CURIAM. The plaintiff, Patricia C. Walker, appeals from an order of the Superior Court (*Murphy,* J.) claiming several points of error; specifically, she argues that the trial court erred when it reduced her alimony to $575 per month, limited the time period to twenty-four months, denied her request for adequate security from the defendant and found her in contempt for failing to execute a will pursuant to an earlier court order. The defendant, Jerome K. Walker, argues on cross-appeal that the trial court erred when it did not apply the 1983 version of RSA 458:19 and failed to grant his motion to terminate alimony. We reverse in part, affirm in part and remand.

The plaintiff, Patricia C. Walker, and the defendant, Jerome K. Walker, were divorced in 1980, at which time they had two minor children, Kenneth, born on November 29, 1963, and Jeremy, born on October 2, 1967. The court ordered the defendant to pay $1,100 per month in alimony and $450 per month in child support to be increased annually by a percentage determined in accordance with the Consumer Price Index and capped at 7.5%.

In the property settlement, plaintiff received a 1977 Subaru, a home and furnishings located at 93 Allied Street in Manchester, seven thousand dollars to be used for home repairs and a note in the amount of twenty thousand dollars secured by property in Bedford awarded to the defendant. Payments on the note were to commence

at the occurrence of one of the following events: when their youngest child completed his post-secondary education, when the property was sold, or when alimony payments ceased for any reason other than plaintiff's death or remarriage. The defendant received a 1973 Dodge truck, a home and furnishings located at 47 New Boston Road in Bedford, subject to an existing encumbrance, his Keough and Amoskeag Pension Plans, his interest in the Jerome K. Walker Professional Association and the Algonquin and Sun Oil Company stocks.

In April of 1984, after the defendant filed a motion seeking a reduction in his alimony payments, the parties entered into a court-approved stipulation increasing his alimony and child support payments to $1,265 and $517 per month, respectively. The stipulation also eliminated the provision regarding the cost of living increase and required plaintiff to cover the payments for her own health insurance. Additionally, she agreed to enter into a contract to draft a will under which her assets would be available first for any uncompleted education of her children.

On October 2, 1985, the Walkers' youngest son, Jeremy, turned eighteen. Three years later, on October 5, 1988, the defendant ceased making alimony payments, allegedly in reliance on RSA 458:19 (1983). He did, however, commence payment on the $20,000 note pursuant to paragraph eleven of the 1980 divorce decree. On October 3, 1988, plaintiff filed a motion to bring forward and modify the alimony order and requested the court to rule on whether the three-year limitation in RSA 458:19 (1983) was applicable to this divorce. In response, defendant filed an objection to her motion and moved that plaintiff be found in contempt for failing to execute the will pursuant to the 1984 stipulation.

On April 14, 1989, counsel for both parties argued about the applicability of RSA 458:19 (1983). The Master's (*Peter J. Bourque*, Esq.) recommendation, which the Superior Court (*Dalianis*, J.) subsequently approved, was that the three-year provision in RSA 458:19 was inapplicable, reasoning that *Henry v. Henry*, 129 N.H. 159, 525 A.2d 267 (1987) (holding new statute applicable only prospectively) was distinguishable on its facts.

On May 10, 1989, defendant filed a motion to terminate alimony alleging that he had become disabled and was unable to continue practicing medicine. Plaintiff objected to this motion and simultaneously filed a motion requesting security for the alimony pay-

ments in arrears. The court consolidated the motions and scheduled a hearing for May 17, 1989.

The Master (*Peter J. Bourque,* Esq.), whose report was approved by the Court (*Murphy,* J.), denied defendant's motion to terminate alimony and, instead, reduced the amount to $575 per month to continue for a period of twenty-four months. The master also found that the defendant was in arrears in excess of $10,000 for failing to pay the $1,265 monthly payment from October 19, 1988. The master ordered him to pay fifty percent of the arrearage on or before September 15, 1989, and the balance on or before February 15, 1990, with an 8% rate of interest per annum to be applied from the date the payments were due. Both plaintiff's motion to bring forward and modify and her request for security were denied. The master also found her in contempt for failing to execute the will ordered by the court's acceptance of the parties' 1984 stipulation. Subsequent to this order, defendant and plaintiff filed their respective appeals.

The first matter we must address is which version of New Hampshire's alimony statute, RSA 458:19, applies to the present case. RSA 458:19 was amended in 1981, in 1985 and again in 1987. The legislature provided that the 1981 amendment, which currently appears in the 1983 replacement edition of the Revised Statutes Annotated, would apply to all support orders preceding its enactment, but only after the expiration of one year, *see* Laws 1981, 275:2, whereas neither of the later versions was extended to cover earlier orders, *see* Laws 1987, 278:6; Laws 1985, 175:5. The defendant, relying on *Henry v. Henry supra,* maintains that because the parties were divorced in 1980, their alimony order is governed exclusively by RSA 458:19 (1983). The plaintiff, with whom the master sided on this issue, argues that the *Henry* decision is distinguishable on its facts. According to the plaintiff and the master, we applied the 1983 version of RSA 458:19 in *Henry* only because there were no minor children involved; and, in their view, this factual distinction renders *Henry* wholly inapposite to the present case. We disagree with this analysis and conclude that the defendant's position is correct on this issue.

■■ In *Henry v. Henry,* 129 N.H. 159, 525 A.2d 267, we were confronted with the issue of whether the 1985 amendment to RSA 458:19, effective January 1, 1986, applied to a divorce decree dated August 8, 1978. In answering that issue, we expressly stated that "[o]rders based upon divorce decrees entered *before* January 1, 1986, will be governed by the 'old' provision (RSA 458:19 (1983))" and that the then "new" provision, RSA 458:19 (Supp. 1986), "is applicable

only to orders based upon divorce decrees entered on or after that date." *Id.* at 161, 525 A.2d at 268 (emphasis in original). This holding was based, not on the absence of minor children as the plaintiff suggests, but on two facts: first, the 1985 amendment carried an effective date of January 1, 1986, and second, the General Court specifically provided that the 1981 amendment would apply to all alimony orders in existence beginning one year after its effective date of August 15, 1981, *see* Laws 1981, 275:2, 275:3, while the 1985 amendment included no such provision, *see* Laws 1985, 175:5. Thus *Henry,* in accordance with both the express language and intent of the legislature, correctly made all divorce decrees granted prior to the effective date of the 1985 amendment subject to RSA 458:19 (1983), and any factual distinctions between *Henry* and the present case are irrelevant.

 Having determined which version of RSA 458:19 is applicable to this case, we next address whether defendant's obligation to pay alimony terminated automatically three years after the youngest child reached the age of majority. RSA 458:19 (1983) provides the following:

> "Upon a decree of nullity or divorce, the court may . . . order [the husband] to pay such sum of money, as may be deemed just, provided that in cases in which no children are involved, or in which the children have reached the age of majority, the order *shall be effective* for not more than 3 years or 3 years after the youngest child attains the age of majority, whichever occurs first. However, such order may be renewed, modified or extended if justice requires for periods of not more than 3 years at a time . . . ."

(Emphasis added.) We have previously held that this "shall be effective" language mandates automatic expiration by the use of the word "shall." *See Taylor v. Taylor,* 108 N.H. 193, 194, 230 A.2d 737, 738 (1967) (interpreting an earlier version of RSA 458:19). In *Taylor,* we expressly stated that the support order, "not having been 'renewed, modified or extended,' expired at the end of three years." *Id.* Therefore, defendant's obligation to pay alimony ceased on October 2, 1988, and the master erred when he found defendant $10,120 in arrears. In addition, the burden was upon the plaintiff, as the alimony recipient, to come forward and "establish that justice require[d] a renewal or extension, and if so, what justice require[d] as to amount." *See id.* at 195, 230 A.2d at 739.

■■■■ While we find that the master erred in ordering defendant to pay $10,120 plus interest in back alimony, we also note, for the purpose of consideration on remand, that the master would have the power to order retroactive alimony as far back as the time plaintiff filed her motion. *See Morphy v. Morphy*, 114 N.H. 86, 86, 315 A.2d 631, 631 (1974) (hearing for renewal of expired order held in April 1974, court ordered retroactive alimony to November 1971). Although there is no express authority permitting a New Hampshire court to order retroactive alimony, neither is there express authority prohibiting such an order. Indeed, the discretion conferred on courts in the family law realm is necessarily extensive, and our statute delineating the factors to be considered in making alimony decisions does not, for example, abrogate the court's discretion with regard to amount. *See Marsh v. Marsh*, 123 N.H. 448, 450–51, 462 A.2d 126, 128 (1983); *Ames v. Ames*, 117 N.H. 554, 555, 374 A.2d 1181, 1181–82 (1977); RSA 458:19 (Supp. 1989). Furthermore, the date from which alimony is payable is "peculiarly within the discretion of the trial court." *Glusker v. Glusker*, 255 A.D. 861, 861–62, 7 N.Y.S.2d 586, 587 (1938). In general, courts make alimony payable from the date of the decree or order granting it, *see Simon v. Simon*, 65 A.D.2d 620, 620, 409 N.Y.S.2d 536, 537 (1978); however, in a proper case, courts may make alimony awards retroactive, computed at any time subsequent to the commencement of the suit for divorce, *see, e.g., Abrusci v. Abrusci*, 79 A.D.2d 980, 980, 434 N.Y.S.2d 722, 722–23 (1981); *Wright v. Wright*, 411 So. 2d 1334, 1336 (Fla. 1982). Thus, what is erroneous and requires reversal in the instant case is not that an order was retroactive, but that it was categorized as an arrearage and automatically calculated on the basis of the prior alimony level.

■■■■ As to defendant's argument that the court erred in failing to terminate the alimony altogether, we find, on the contrary, that the record is replete with evidence supporting the master's determination. The decision to allow or disallow alimony is within the master's sound discretion, and we will not overturn his decision unless we find an abuse of that discretion. *Healey v. Healey*, 117 N.H. 618, 622, 376 A.2d 140, 143 (1977). A review of the record indicates that the master could properly award alimony at $575 per month for twenty-four months. Specifically, we reject defendant's argument that the alimony order is in effect an impermissible modification of the 1980 property settlement, since it may require him to liquidate some of his non-productive assets to generate enough income to pay the alimony. The property settlement effected a division of assets in ac-

cordance with their values. It does not entitle one party to a divorce to maintain a certain investment or retain a certain asset if a more productive use of this value would enable that party to satisfy a support obligation.

Plaintiff, on the other hand, argues that the master abused his discretion in denying her request for an increase in alimony. We again find that the decision to decrease the alimony was supported not only by the evidence of defendant's reduced income resulting from his retirement and ill-health, but by evidence that plaintiff had transferred about ninety thousand dollars in assets to one of her daughters. Since we do not set aside a master's determination absent an abuse of discretion, we affirm the modified order.

In light of our earlier determination that defendant's obligation to pay alimony ceased on October 2, 1988, we do not reach plaintiff's argument that the master erred in not ordering defendant to provide adequate security.

The final argument raised by plaintiff concerns the master's finding of contempt for her failure to execute a will pursuant to the stipulation entered into in 1984. The stipulation required plaintiff to submit a will on or before July 15, 1985, directing her assets be used first for the education of her children. By the time of the hearing in this case on May 17, 1989, plaintiff had yet to submit the will as ordered. After the hearing, on May 24, 1989, plaintiff did execute and deliver a copy of the will to defendant. While it is therefore true that plaintiff eventually satisfied the 1984 order, she ignored the court's order for over four years and finally succumbed under the pressure of the pending decision on the contempt motion. Such disregard of a court's order is not acceptable; the contempt finding was entirely appropriate.

*Reversed in part; affirmed in part; remanded.*

HORTON, J., did not sit.