Hillsborough
No. 90-208

NANCY P. MACIEJCZYK

v.

JOHN H. MACIEJCZYK

June 12, 1991

*Robert M. Parodi,* of Hudson, by brief and orally, for the plaintiff.

*Hamblett & Kerrigan P.A.,* of Nashua (*Meriel F. Hall* and *Timothy G. Kerrigan* on the brief, and *Mr. Kerrigan* orally), for the defendant.

MEMORANDUM OPINION

THAYER, J. ▆ The defendant appeals an order of the Superior Court (*Dunn,* J.), approving the Master's (*Alice Love,* Esq.) recommendation that his child support payments be increased as of the date of the filing of the plaintiff's petition to modify. The defendant argues that: (1) the trial court erred as a matter of law in ordering retroactive application of a child support order; (2) the doctrine of res judicata bars such retroactive application; and (3) retroactive modification in this case is patently unfair and burdensome because the defendant relied on the reasonable expectation that child support obligations could be modified prospectively only. We hold that the trial court's order was not a retroactive modification of child support and therefore affirm. Because the defendant has chosen not to submit a transcript of the proceedings before the trial court, our review is limited to errors apparent on the record available to us. *See Dombrowski v. Dombrowski,* 131 N.H. 654, 663, 559 A.2d 828, 833 (1989); *Cote v. Cote,* 123 N.H. 376, 377–78, 461 A.2d 566, 567 (1983). There is no indication on the record that the defendant raised before the trial court the issues of res judicata or unfairness. We need not address these issues, therefore, as they have not been properly preserved for appeal.

The parties were divorced in New Hampshire by decree dated October 20, 1981, which incorporated a permanent stipulation. The decree provided for child support and alimony payments by the defendant. On June 10, 1988, the plaintiff filed a petition to modify the decree, requesting that the defendant's child support payments be increased to reflect changed circumstances.

A hearing on the petition, initially scheduled for August 16, 1988, was continued at the request of the defendant. On August 9, 1988, the defendant filed a cross-petition for modification requesting termination of his obligation to pay alimony. A hearing was finally held on April 2, 1990, and, by court order dated April 11, 1990, the defendant's weekly child support payment was increased "effective retroactively to the date of filing of the Petition [to be] paid in a lump sum."

On appeal, the parties do not dispute that there was a change in circumstances supporting the modification.

■■ The defendant relies on our decision in *Chenausky v. Chenausky*, 128 N.H. 116, 509 A.2d 156 (1986) to support his argument that child support payments may be modified prospectively only from the date of the court order. His reliance on *Chenausky* is misplaced, however, because, in that case, we remanded for a new hearing on the ground that we could not determine from the record before us whether the court's order improperly modified child support effective from the date of the change in circumstances, a date well before the filing of the petition to modify. *Id.* at 119–20, 509 A.2d at 159–60. As our holding made clear, a modification is retroactive if ordered effective prior to the date of the filing of the petition to modify. In the case before us, the defendant's increased child support obligation was ordered effective as of the date of the filing of the plaintiff's petition only and, thus, is not a retroactive modification.

The defendant also argues that the trial court lacked statutory authority to order modification of child support effective as of the date of the filing of the petition. He relies on RSA 458:17, VII (Supp. 1990), which states that support payments are judgments when due and payable. He contends that, according to this statute, child support is a vested right up to the time the trial court orders it modified, and that the statute constitutes a prohibition against the trial court's ordering retroactive modification. His argument, however, overlooks other relevant provisions of the statute.

■ The meaning of a statute is determined from a construction of the statute as a whole, not from piecemeal analysis of words and phrases. *King v. Town of Lyme*, 126 N.H. 279, 284, 490 A.2d 1369, 1372 (1985) (citation omitted); *see Theresa S. v. Superintendent of YDC*, 126 N.H. 53, 55, 489 A.2d 592, 593 (1985). RSA 458:32 provides that "[u]pon . . . a new petition by either party . . . the court may modify or revise its orders and decrees." Further, RSA 458:17, VIII (Supp. 1990) states that "[n]o modification of a support order shall alter any arrearages due prior to the date of filing the motion for modification."

■■ This latter provision clearly applies when there is a change in circumstances supporting a modification of child support and expressly prohibits modification prior to the date of the petition. Under RSA 458:32, the filing of the petition is the event which gives the court authority to order modification. Read as a whole, therefore, the

statute prohibits modification of support payment arrearages to be ordered effective prior to the date of the petition to modify. While there is no statutory authority expressly permitting modification from the date of the filing of the petition to modify, neither is there an express statutory prohibition. *See Walker v. Walker*, 133 N.H. 413, 418, 577 A.2d 1218, 1221 (1990) (trial court has authority to order retroactive alimony as far back as time plaintiff filed motion). Because the trial court did not order modification prior to the filing of the petition, the statute has not been violated. Under these circumstances the trial court did not abuse its discretion in ordering modification of child support prospective from the date of the filing of the petition. *See Nicolazzi v. Nicolazzi*, 131 N.H. 694, 696, 559 A.2d 1335, 1337 (1989) (trial court has broad discretion in modifying child support).

*Affirmed.*

All concurred.