Marquis v. FDIC                               CV-91-436-B    05/19/93

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Serge Marquis and
Gail Marquis

    v.                                          Civil No. 91-436-B

Federal Deposit
 Insurance Corporation as
 Receiver of Hillsborough Bank
 and Trust Company


**O R D E R**


    Serge and Gail Marquis ("the Marquis") brought a lender liability action against the Hillsborough Bank and Trust Co. ("HBT") in the Hillsborough Superior Court.  HBT subsequently sued the Marquis in the same court to collect on its loan.  After HBT failed and the Federal Deposit Insurance Corporation ("FDIC") was appointed to act as liquidating agent for the bank, both actions were removed to federal court and consolidated.

    The matter is before me on cross-motions for summary judgment.

## FACTS

HBT provided partial financing for a residential real estate project being developed by Richard Martin. When HBT declined to advance further funds without additional collateral, Martin approached the Marquis and arranged for them to open an $80,000 line of credit with HBT so that the Marquis could provide the funds necessary to continue the project.

The line of credit agreement ("EAA") the Marquis signed with HBT was secured by a mortgage on the Marquis' home and provided that the Marquis could borrow up to $80,000 by executing special EAA checks. The Marquis claim that HBT fraudulently induced them to enter into the EAA by misrepresenting the soundness of Martin's project and by falsely claiming that disbursements would be used to continue construction rather than to pay Martin's existing debts.

Three disbursements were made by HBT from the EAA totalling $79,162.00. The Marquis admit that they authorized the first two disbursements. However, they deny that they authorized a third disbursement of $8,462. None of the disbursements were made using special EAA checks. Moreover, the disbursements were used to reduce Martin's debts to HBT rather than to fund new construction, as the Marquis anticipated. The Marquis received

2

monthly statements from HBT noting the disbursements, and Martin

paid amounts due on the EAA for 21 months. HBT commenced

foreclosure proceedings and these cases were filed after Martin

stopped making payments on the EAA.


## I. DISCUSSION[1]

From the perspective of the FDIC, this is a simple case.

HBT loaned money to the Marquis which they failed to repay. As

liquidating agent for HBT, the FDIC succeeded to HBT's claims

against the Marquis. The FDIC contends that any claims or

defenses the Marquis may have had against HBT may not be asserted

against the FDIC because such claims and affirmative defenses are

barred by the common law doctrine recognized in D'Oench Duhme &

---

[1]In ruling on these cross motions for summary judgment, I am guided by the following standards. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is upon the moving party to establish the lack of a genuine, material, factual issue, Finn v. Consolidated Rail Corp., 732 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the non-movant, according the non-movant all beneficial inferences discernable from the evidence, Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988). If a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists. Donovan v. Agnew, 712 F.2d 1503, 1516 (1st Cir. 1983).

Co. v. FDIC, 315 U.S. 447 (1942) and its statutory counterpart, 12 U.S.C. § 1823(e). Not surprisingly, the Marquis argue that D'Oench and § 1823(e) are inapplicable for a number of reasons.

Many of the Marquis' attacks on D'Oench and § 1823(e) fall substantially wide of the mark. Controlling case law establishes that D'Oench and § 1823(e) cannot be avoided by claiming that (i) a borrower is wholly innocent, Langly v. FDIC, 484 U.S. 86, 92 (1987), Timberland Design, Inc. v. First Serv. Bank for Sav., 932 F.2d 46, 49 (1st Cir. 1991); (ii) the FDIC had actual knowledge of the oral agreement, Timberland, 932 F.2d at 50; or (iii) the FDIC is not a holder in due course, see FDIC v. P.L.M. Int'l, Inc., 834 F.2d 248, 252 (1st Cir. 1987). Accordingly, the Marquis cannot prevail by relying on these arguments.

The Marquis make three additional arguments that merit further discussion. First, they claim that HBT was guilty of fraud in the factum, a claim not barred by D'Oench and § 1823(e). Second, they contend that HBT breached the EAA by making unauthorized disbursements. Since this claim is based upon the EAA rather than an unwritten agreement, the Marquis argue that it is not barred by D'Oench or § 1823(e). Finally, the Marquis argue that their breach of fiduciary duty claim is not barred by either D'Oench or § 1823(e) because it is a tort claim that

4

arises from HBT's duties as a fiduciary.  I address each argument separately.

A.   Fraud in the Factum

The FDIC concedes that D'Oench and § 1823(e) do not bar claims and defenses based upon fraud in the factum.  See 604 Columbus Ave. v. FDIC, 968 F.2d 1332, 1346-47 (1st Cir. 1992). Fraud in the factum is the kind of fraud that arises "in the rare situation in which the defrauded party 'neither knows nor has reason to know of the character of the proposed agreement . . . .'"  Id. (quoting E. Allen Farnsworth, Contracts, § 4.10 (1982)); see also W. Page Keeton, et al., Prosser and Keeton on Torts, § 105 (5th ed. 1984 & Supp. 1988).  Fraudulent representations which induce a party to enter into what he knows to be a legally binding contract ordinarily will not constitute fraud in the factum.  See Farnsworth, supra, § 4.10.

The Marquis contend that the HBT is guilty of fraud in the factum because (i) HBT fraudulently induced the Marquis to agree to the first two disbursements from the EAA by falsely representing the use to which the disbursements would be put, and (ii) the third disbursement was made by HBT without the Marquis' authorization.  Whether or not these claims have merit, they do not constitute fraud in the factum because the alleged fraud did

5

not prevent the Marquis from becoming aware of the fact that they had entered into a loan agreement with HBT. Accordingly, the Marquis cannot rely upon this exception to avoid D'Oench and § 1823(e).

B. Alleged Breaches of the EAA

The Marquis argue that the EAA permits disbursements to be made only by check. Since none of the disbursements at issue in this case were made by check, the Marquis contend that they have a claim based on an alleged breach of the EAA which is unaffected by D'Oench or § 1823(e). However, the Marquis concede that they orally authorized two of the three disbursements which form the basis of the FDIC's claim. Accordingly, they are in no position to argue that the authorized disbursements were made in breach of the EAA.[2] Guri v. Guri, 122 N.H. 552, 555 (1982). A genuine

---

[2]The First Circuit Court of Appeals has held that the FDIC cannot rely upon § 1823(e) to bar defenses based upon an agreement between a borrower and its lender if the FDIC relies upon the same agreement to enforce its right to recovery. FDIC v. Panelfab Puerto Rico, Inc., 739 F.2d 26, 29-30 (1st Cir. 1984). The Marquis apparently contend that their authorization of the two disbursements was an oral modification of the EAA which was procured through fraudulent representations by HBT concerning the use to which the disbursements would be put. Thus, they appear to rely on Panelfab to argue that their fraud claims are not barred by D'Oench and § 1823(e) because the FDIC must rely upon the fraudulently induced oral contract to support its right to recovery. This argument is unavailing, however, because the record is devoid of any evidence that HBT officials made fraudulent representations to the Marquis to induce them to

6

factual dispute exists as to whether the Marquis authorized the third disbursement. Because this claim is not barred by either D'Oench or § 1823(e), see, e.g., Howell v. Continental Credit Corp., 655 F.2d 743, 746 (7th Cir. 1981), this issue will have to be resolved at trial.

C. Breach of Fiduciary Duty

The Marquis' final argument is that their breach of fiduciary duty claim is not barred by either D'Oench or § 1823(e) because it is a tort claim that arises from the bank's fiduciary obligation to its borrowers rather than an oral agreement. A borrower cannot escape either D'Oench or § 1823(e) simply by arguing that his claim sounds in tort rather than breach of contract. Timberland, 932 F.2d at 50 n.4. If a borrower's claim is based on an unrecorded agreement, it will be barred by D'Oench and § 1823(e), regardless of how the claim is characterized. See id. If this were not the case, D'Oench and § 1983(e) would become meaningless because every fraud claim could be maintained notwithstanding D'Oench and § 1823(e) by simply recharacterizing the claim as a breach of fiduciary duty.

---

agree to the disbursements. The only evidence on this point concerns representations by HBT officials prior to the signing of the EAA, and representations that were made by the third party that benefitted from the disbursements.

The Marquis' breach of fiduciary duty claim is based upon representations that HBT officials allegedly made to the Marquis to induce them to agree to EAA. No matter how these claims are characterized, they are precisely the type of claims that D'Oench and § 1823(e) were intended to address. Thus, the Marquis are barred from raising this claim against the FDIC.

### III. CONCLUSION

The Marquis' Motion for Summary Judgment (document no. 41) is denied. The FDIC's Motion for Summary Judgment (document no. 34) is granted in part and denied in part. The sole liability issue remaining for trial is whether the FDIC is entitled to recover from the Marquis for the third disbursement made under the EAA.


SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 19, 1993


cc:  Michael Merra, Esq.
     Jay Hodes, Esq.

8