[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #116.00
I ISSUE
Should the court grant the plaintiff's motion to dismiss the CT Page 8108 defendant's motion for contempt because the stipulation for judgment, which is the basis of such motion, is no longer in effect.
II FACTS
The plaintiff, Roger Williams, is a resident of New Hampshire. The defendant, Alice Williams, is a resident of Connecticut. According to the Motion for Modification of Judgment, dated April 11, 1983, on September 19, 1980, judgment for dissolution of the parties' marriage was entered in New Hampshire. On April 11, 1983, the judgment was filed in the Connecticut Superior Court, with a certification, pursuant to General Statutes 46b-70. The terms of the judgment required the plaintiff to pay the defendant $2,400 per month in alimony, but pursuant to the New Hampshire alimony statute, RSA 458:19, the judgment was only valid for a three year period, unless extended or modified.
A stipulation for judgment extended the alimony payments in September of 1983 and again in September of 1986.
According to the defendant, the plaintiff stopped making payments in January of 1993. On March 29, 1993 the defendant moved for the court to find the plaintiff in contempt for failure to pay alimony and provide health insurance benefits, both of which were required by the stipulation. On June 16, 1993, the plaintiff moved to dismiss the motion for contempt, on the ground that the stipulation is no longer in effect since it was not modified or extended three years after 1986.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 625 n. 4, 461 A.2d 991 (1983), quoting Carpenter v. Planning and Zoning Commission, 176 Conn. 581, 587, 409 A.2d 1029
(1979). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone (citations omitted.)" Barde v. Board of Trustees, 207 Conn. 59,62, 539 A.2d 1000 (1988). The complaint is construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983).
The plaintiff argues that the stipulation is no longer in effect, so the court is without jurisdiction to find him in contempt. The plaintiff further argues that although the applicable New Hampshire Statute, RSA 458:19, was amended in 1986, CT Page 8109 eliminating the three year limitation on judgments unless the judgment was modified or extended, the new statute does not apply to stipulations resulting from a divorce granted in 1980. In response, the defendant argues that the last time this court approved a stipulation of judgment was September 2, 1986, which is after the new version of the alimony statute became effective, so she is not subject to the three year limitation period of the earlier statute, and the stipulation is still in effect.
Connecticut General Statutes 46b-71 provides in subsection (b) that:
 "[a] foreign matrimonial judgment shall become a judgment of the court of this state where it is filed and shall be enforced and otherwise treated in the same manner as a judgment of a court in this state; provided such foreign matrimonial judgment does not contravene the public policy of the state of Connecticut. A foreign matrimonial judgment so filed shall have the same effect and may be enforced or satisfied in the same manner as any like judgment of a court of this state and is subject to the same procedures for modifying, altering, amending, vacating, setting aside, staying or suspending said judgment as a judgment of a court of this state; provided, in modifying, altering, amending, setting aside, vacating, staying or suspending any such foreign matrimonial judgment in this state the substantive law of the foreign jurisdiction shall be controlling."
The court finds that the substantive law of New Hampshire is applicable to the present case.
New Hampshire's alimony statute, RSA 458:19 (1983), which was in effect at the time of the dissolution, provided that:
 "Upon a decree of nullity or divorce, the court may . . . order [the husband] to pay such sum of money, as may be deemed just, provided that in cases in which no children are involved, or in which the children have reached the age of majority, the order shall be effective for not more than 3 years or 3 years after the youngest child attains the age of majority, whichever occurs first. However, such order may be renewed, modified or extended if justice requires for periods of not more than 3 years at a time . . ."
Walker v. Walker, 577 A.2d 1218, 1221 (N.H. 1990). The parties CT Page 8110 agree that an amended version of the statute became effective on January 1, 1986, which eliminated the three year limitation. New Hampshire courts have held that the 1986 version of the alimony statute "is applicable only to orders based upon divorce decrees entered on or after that date." Henry v. Henry, 525 A.2d 267, 268
(N.H. 1987); see also Walker v. Walker, supra, 1221; In re Estate of Wade, 529 A.2d 992, 994 (N.H. 1987). The cases so holding, however, have all involved decrees and/or orders before 1986. See Henry v. Henry, supra, 268 (1978 decree, with extension in 1985); Walker v. Walker, supra, 1219 (1980 decree, with no extension or modification following youngest child attaining age of majority); In re Estate of Walker, supra, 993 (1974 divorce, no renewal or extension following).
The 1983 version of the New Hampshire alimony statute applies to the instant case, since the judgments for stipulation extending alimony were orders pursuant to a divorce decree entered in 1980, before the effective date of the new alimony statute. A New Hampshire court held that the "shall be effective" language mandates automatic expiration by the use of the word "shall." Walker v. Walker, supra, 1221. A party's obligation to pay alimony ceases three years after the last extension, and the burden is then upon the alimony recipient to establish that justice requires a renewal or extension. Id.
However, "the discretion conferred on [New Hampshire] courts in the family realm is necessarily extensive . . ." Id. "The decision to allow or disallow alimony is within the [court's] sound discretion . . ." Id., ; see also Henry v. Henry, supra, 269. "In making such a determination, `the trial court must consider all of the circumstances of the parties.'" Henry v. Henry, supra, quoting Healey v. Healey, 376 A.2d 140, 143 (1977). A court "would [even] have the power to order retroactive alimony as far back as the time plaintiff filed her motion," as there is no express New Hampshire authority prohibiting such an order. Walker v. Walker, supra.
Even if the order mandating alimony payments expired in the present case, New Hampshire caselaw indicates that a court has substantial discretion in determining whether to allow alimony payments. Pursuant to Connecticut General Statutes 46b-71, the court must apply the substantive law of New Hampshire, since a New Hampshire judgment of dissolution was filed in Connecticut. Therefore, this court may later find that the circumstances warrant a renewal of alimony payment. However, the defendant must first "come forward and `establish that justice require[s] a renewal or CT Page 8111 extension, and if so, what justice require[s] as to amount' (Citation omitted.)" Walker v. Walker, supra.
Accordingly, the judgment for alimony expired in September of 1989 and, therefore, the Motion to Dismiss is granted.
KARAZIN, J.
Decision entered in accordance with the foregoing (Karazin, J.) 9/8/93 Kaye, Asst. Clerk.
All Counsel and pro se party notified 9/8/93.