**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0029, <u>In the Matter of Nicole McCormack Parker and Roy Parker</u>, the court on March 28, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The respondent, Roy Parker, appeals a final decree entered by the Circuit Court (<u>Curran</u>, J.) in his divorce from the petitioner, Nicole McCormack Parker. He challenges the trial court's allocation of parenting rights and responsibilities, its decision to award child support commencing on a date subsequent to the final hearing but prior to its decree, and its decision to treat the respondent's joint interest in certain real property held with his mother and brother as marital property. We affirm.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). Its discretion encompasses decisions concerning parenting rights and responsibilities, child support, and property distribution. <u>Id</u>.; <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). Its discretion likewise extends to resolving conflicts in the testimony, assessing the credibility of the witnesses, and evaluating the weight of the evidence presented. <u>Kurowski</u>, 161 N.H. at 585. Indeed, the trial court may accept or reject, in whole or in part, the testimony of any witness, including that of a guardian ad litem (GAL), and is not required to believe even uncontested testimony. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465-66 (2009); <u>see</u> <u>In the Matter of Heinrich & Curotto</u>, 160 N.H. 650, 657-58 (2010).

We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion, reviewing the record only to determine whether it contains an objective basis to sustain the court's discretionary judgments. <u>Spenard</u>, 167 N.H. at 3. If the trial court could reasonably have reached its findings on the evidence before it, they will stand. <u>Id</u>.

The respondent argues that the trial court erred by adopting the parenting plan proposed by the GAL approximately a month and a half prior to the final hearing because, he asserts, the GAL's testimony did not establish that the GAL's proposed parenting plan was in the children's best interests, particularly with respect to the relatively lesser amount of parenting time the respondent was given with the children. Instead, the father argues that both the GAL's testimony and RSA 461-A:2, I (2018) compelled the trial court to grant the parents equal parenting time.

Contrary to the respondent's suggestion, nothing in RSA 461-A:2, I(a) compels the trial court to award equal parenting time. Rather, the statute identifies that it is the general "policy of this state" to "[s]upport frequent and continuing contact between each child and both parents," and to "[e]ncourage parents to share in the rights and responsibilities of raising their children." RSA 461-A:2, I(a), (b). The parenting schedule adopted by the trial court supports "frequent and continuing contact" between the respondent and his minor children and the sharing of parenting rights and responsibilities. Based upon our review of the record, we conclude that the parenting plan ordered by the trial court was well within its discretion. See Kurowski, 161 N.H. at 585.

The respondent next argues that the trial court erred by ordering him to pay child support pursuant to the child support guidelines effective April 1, 2022, a date after the final hearing but before the September 20, 2022 final decree, and to pay $100 per week toward the arrearage created by a difference between what he was paying under the temporary order and the amount ordered in the final decree. The respondent contends that the trial court unsustainably exercised its discretion because he was not responsible for the trial court's delay, because the decree imposed an immediate arrearage without prior notice, and because the trial court did not consider that he had allegedly paid more than his temporary child support obligation between the final hearing and the decree.

Uniform support orders are generally effective as of the date of the clerk's notice of decision "unless the court specifies, either orally or in writing, another effective date." Fam. Div. R. 2.29(B)(1)(c) (emphasis added). The respondent cites no authority prohibiting the issuance of a child support order effective after the final hearing but prior to the decree. Nor are we aware of any such authority. Cf. Walker v. Walker, 133 N.H. 413, 418 (1990) (observing that trial courts may generally "make alimony awards retroactive computed at any time subsequent to the commencement of the suit for divorce"); RSA 458-C:7, II (authorizing modification of child support effective as of the date of notice of the petition to modify). Here, the respondent himself proposed an effective date of April 1, 2022 for child support. Moreover, in denying the respondent's motion to reconsider, the trial court observed that it had imposed "a very modest amount to address the arrears, given th[e] time lapse" between April 1 and the September 20 final decree, and that, in light of the respondent's income and the parties' arguments and proposals on child support, it did not deem the arrearage obligation to be punitive.

Finally, we note that, although the respondent claimed on reconsideration that he had "paid above and beyond his temporary child support obligation" between April 1 and September 20, 2022, he neither requested from the court a credit for amounts he had allegedly overpaid nor

2

sought to establish what those amounts may have been.  The respondent's claim that the arrearage obligation is tantamount to an award of "punitive damages" requires no further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).  On this record, we cannot conclude that the trial court unsustainably exercised its discretion.  See Spenard, 167 N.H. at 3.

Finally, the respondent argues that the trial court erred by treating his joint-tenancy-with-rights-of-survivorship interest in vacation property as marital property.  We disagree.  The respondent does not dispute that he holds a present undivided one-third joint-tenancy-with-rights-of-survivorship interest in the property.  See Routhier, 175 N.H. at 9, 11-14 (2022).  Given the broad definition of marital property, we find no error.

The request in the petitioner's brief for an award of attorney's fees incurred on appeal is denied.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**