Merrimack
No. 2001-485

IN THE MATTER OF PAMELA P. WARD AND JAMES P. WARD

Argued: October 9, 2002
Opinion Issued: November 27, 2002

*Wiggin & Nourie, P.A.*, of Manchester (*Doreen F. Connor* on the brief and orally), for the plaintiff.

*Cook & Molan, P.A.*, of Concord (*Glenn R. Milner* and *Frank E. Kenison* on the brief, and *Mr. Milner* orally), for the defendant.

DUGGAN, J. The husband, James P. Ward, appeals from the final divorce decree recommended by a Marital Master (*Michael H. Garner*, Esq.) and approved by the Superior Court (*McGuire*, J). The husband argues that the decree's requirement to pay (1) miscellaneous extracurricular expenses, (2) uninsured medical, dental and counseling expenses, and (3) private educational expenses is inconsistent with New Hampshire's statutory child support guidelines. *See* RSA ch. 458-C (1992 & Supp. 2002). Because the issue is not properly preserved for appeal, we affirm.

The parties' divorce decree required the wife to establish an educational account, to which the husband and wife each must contribute at least $2,000 annually. The decree required that the account be used for private secondary and post-secondary educational expenses of their two children. The decree also required that the parties equally share the children's expenses for any camps, lessons, or travel-related activities up to a total of $5,000 (miscellaneous expenses), and divide equally the costs related to uninsured medical, dental, counseling, orthodontic, and "other health related expenses."

The husband filed a motion to reconsider. The trial court granted the motion in part, capping the husband's annual expenses for private secondary school expenses, and modifying the husband's and wife's responsibilities regarding the children's "miscellaneous" expenses.

On appeal, the husband contends that the trial court erred in awarding miscellaneous expenses, uninsured medical expenses, and private school educational expenses. The wife argues that the issue is not preserved for appeal. We agree.

We have found only two exceptions to the rule that a party in a child support case must raise all issues in the trial court in order to preserve them for appellate review. In *Giles v. Giles*, 136 N.H. 540 (1992), "the superior court neither ordered the defendant to pay child support pursuant to the guidelines, nor specifically stated its reasons for departing from the guidelines." *Id.* at 544. We held that the appellant did not have to ask the superior court to apply the guidelines and that, on appeal, we could review the court's complete failure to do so. *See id.* In *In the Matter of Crowe & Crowe*, 148 N.H. 218 (2002), we held that a party's failure to request that the trial court deduct alimony from gross income prior to calculating child support did not waive the issue on appeal. *See id.* at 224. In finding the issue preserved, we noted that the trial court erroneously applied what was intended to be a straightforward mathematical calculation, contrary to the express provision of the statutory guidelines, *see id.* at 224, though we ultimately found the statutory language at issue in *Crowe* to be ambiguous as to whether the deduction of alimony applied to the facts of that case. *Id.*

Unlike *Giles*, the superior court in the present case did apply the guidelines and, unlike *Crowe*, the husband is not arguing an erroneous mathematical calculation of the support order. The husband instead has lumped together three different expenses and broadly challenges the trial court's statutory authority to require a noncustodial spouse to pay any of these expenses in addition to the guideline amount. He argues for the first time on appeal that, because the guidelines were intended to encompass the "total support amount," he should not be required to pay any additional expenses.

■ Our holding in *Crowe* regarding preservation of issues for appeal is limited to issues arising from the trial court's non-application of an "express legislative directive that the level of child support be calculated according to the guidelines." *Giles*, 136 N.H. at 544; *Crowe*, 148 N.H. at 223. Because the issue of whether the superior court erred in awarding miscellaneous expenses, uninsured medical expenses, and private school educational expenses was not raised below, and does not come within the narrow exception under *Giles* or *Crowe*, we conclude that it is not preserved for appeal. Therefore, we do not address it.

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred