Grafton
No. 2002-716

# IN THE MATTER OF BARBARA M. GIACOMINI AND PATRICK A. GIACOMINI

Argued: October 8, 2003
Opinion Issued: February 2, 2004

*Decato Law Office*, of West Lebanon (*R. Peter Decato* on the brief and orally), for the petitioner.

*Wiggin & Nourie, P.A.*, of Manchester (*Doreen F. Connor* on the brief and orally), for the respondent.

BRODERICK, C.J. The petitioner, Barbara M. Giacomini, appeals an order of the Superior Court (*Houran*, J.) modifying a 1988 final divorce decree. The respondent, Patrick A. Giacomini, cross-appeals. We affirm in part, vacate in part and remand.

The record supports the following facts. The parties separated in 1987 and received a final decree of divorce in September 1988. They have two children, currently ages twenty and seventeen. The decree granted physical custody of the children, who were then ages five and two, to the petitioner and liberal visitation rights to the respondent. It required the respondent to pay child support to the petitioner in the amount of $250 per week, plus an additional twenty-five percent of the gross amount of any increase in salary or any bonus in excess of a gross annual salary of $41,000. The decree also required each party to promptly provide the other with copies of their W-2 forms.

In August 2000, the petitioner moved to modify the child support obligation. In June 2001, she moved for contempt against the respondent for his failure to timely and fully discharge his child support obligations. On May 3, 2002, the trial court issued a final order. Subsequently, both parties filed motions for reconsideration.

In its revised final order, the trial court found that, from 1989 to early 2002, the respondent owed $670,500 in child support but had paid only $355,995, leaving a shortfall of $314,505. The trial court also found that the respondent was entitled to a credit of $79,688 against the shortfall for certain education expenses he paid. The court entered a judgment against the respondent for $234,817, but ruled that he was not in contempt despite his nonpayment of child support. This appeal followed.

The petitioner contends that the trial court erred by: (1) failing to find the respondent in contempt; (2) deducting "grossed-up" wages from the respondent's declared income; (3) changing a finding it had made in its

original order; and (4) failing to award interest on the petitioner's judgment for back child support.

By cross-appeal, the respondent contends that the trial court erred by: (1) calculating his child support arrearage according to the terms of the 1988 decree; (2) applying RSA 458:17, VII (1992), which resulted in a twenty-year statute of limitations for the petitioner, while denying him the benefit of the child support guidelines, when both statutory provisions became effective on the same date; (3) finding him in arrears, because the petitioner's twelve-year delay in seeking relief was unreasonable and prejudicial; and (4) modifying his child support obligation as of June 19, 2001, instead of September 6, 2000, the date the petitioner's motion to bring forward and modify was served on the respondent.

On appeal, we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or legally erroneous. *In the Matter of Fowler and Fowler*, 145 N.H. 516, 519 (2000). The trial court has broad discretion to review and modify child support awards because it is in the best position to determine the parties' respective needs and resources. *In the Matter of Feddersen & Cannon*, 149 N.H. 194, 196 (2003). Accordingly, we will set aside a modification order only if it clearly appears, from the record, that the trial court's exercise of discretion was unsustainable. *Id.*

The petitioner argues that the trial court erred by failing to find the respondent in contempt of court because, she contends, he failed to abide by the 1988 decree. The contempt power is discretionary and the proper inquiry is not whether we would have found the respondent in contempt, but whether the trial court unsustainably exercised its discretion in refusing to do so. *Scarborough v. R.T.P. Enterprises, Inc.*, 120 N.H. 707, 711-12 (1980); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

■ The record demonstrates that the trial court reviewed the parties' conduct since 1988 and the challenged conduct that resulted in the allegations of contempt, namely, the respondent's failure to pay all child support, before concluding that the respondent should not be held in contempt. The trial court stated that "[w]hile the child support arrears which have accrued in this case are large, the failure to pay child support in full does not automatically lead to a finding of contempt." The court further stated that "[t]he petitioner asserts that the lack of an explicit finding that the respondent had just cause requires a finding of contempt." However, the court found that implicit in its determination not to find the respondent in contempt was that it was not making the finding pursuant to

RSA 458:51 (1992), which would have placed either party in contempt. The trial court specifically stated that the respondent's "mistaken belief that he was entitled to offset his child support payment by expenses he made in connection with his children [was] sufficiently convincing to help avoid a finding of contempt." The trial court was not compelled to find the respondent in contempt and did not commit an unsustainable exercise of discretion by failing to do so.

■ The petitioner next argues that the trial court erred by deducting "grossed-up" wages, which included payments made for the respondent by his employer to cover state and federal taxes, from the respondent's reported income on his W-2 forms. The trial court found that the respondent had "convincingly" explained that these wages were not income to him. Rather, they were part of "an accounting function to offset a tax burden created by the method the [respondent's] employer chose to reimburse him, and the [respondent] never had constructive receipt of these funds." The trial court's finding was supported by the evidence, and we conclude that it did not commit an unsustainable exercise of discretion by deducting the "grossed-up" wages from the respondent's income.

■ The petitioner further contends that the trial court erred by denying a requested finding in its revised final order that it had granted in its first order. In its first order, the trial court granted the petitioner's requested finding that the respondent "ha[d] no legal excuse for not paying his child support." In the narrative of its revised final order, however, the trial court made it clear that it did not intend to hold either party in contempt. As a result, the trial court denied the finding that it had previously granted to make the finding consistent with the narrative, as it was authorized to do by Superior Court Rule 59-A. It committed no error by correcting a factual finding it determined to be inconsistent with its final ruling.

■ On cross-appeal, the respondent argues that the trial court erred by calculating the child support arrearage according to the terms of the 1988 decree. He contends that because the child support guidelines became effective on April 30, 1988, *see* RSA 458-C:1-:5 (1992), several months prior to the final decree of divorce, the trial court should have calculated the child support arrearage, accruing since 1988, in accord with the child support guidelines. Although the 1988 decree should have been based upon the child support guidelines, RSA 458:17, VIII (1992) clearly states that "[n]o modification of a support order shall alter any arrearages due prior to the date of filing the motion for modification." *See Chenausky v. Chenausky*, 128 N.H. 116, 120 (1986) (stating that a trial court's power to

modify child support obligations under RSA 458:32 is limited to orders regarding future payments). Child support obligations "past due are vested property rights and as such cannot be modified or vacated." *McCrady v. Mahon*, 117 N.H. 762, 763 (1977). Only in limited circumstances are retroactive modifications permitted by allowing a credit against an arrearage. *See Chenausky*, 128 N.H. at 120. The respondent cannot now attack the arrearage calculated according to the 1988 decree. If he believed the decree violated the statutory guidelines then in effect he should have filed a motion for reconsideration and a timely appeal if his motion was denied. Therefore, the trial court did not commit either an error of law or an unsustainable exercise of discretion by calculating the respondent's child support arrearage based upon the 1988 decree.

■ The respondent next asserts that the trial court erred by giving the petitioner the benefit of RSA 458:17, VII while, at the same time, denying him benefit of the child support guidelines, *see* RSA 458-C:1-:5, which became effective on the same date. As earlier noted, the trial court correctly calculated the arrearage according to the child support requirements of the 1988 decree, from which the respondent took no appeal. The trial court also correctly applied the twenty-year statute of limitations in this case, after determining that "[t]he child support payments ordered in this case . . . by operation of RSA 458:17 VII, are . . . judgments, subject to the 20 year statute of limitations, RSA 508:5, as each becomes due and payable." Although the respondent argues that it is inequitable that the petitioner should get the benefit of RSA 458:17, VII while he is denied the benefit of the child support guidelines effective on the same date, any purported inequity was a direct result of the respondent's failure to timely contest the trial court's failure to apply the guidelines in 1988.

The respondent next argues that the trial court erred by finding him in arrears because the petitioner's twelve-year delay in seeking relief was unreasonable and prejudicial. The respondent argues that the trial court's failure to invoke the doctrine of laches was contrary to the weight of the evidence and an error of law.

When, as in this case, the delay in bringing suit is less than the applicable limitation period, laches will constitute a bar to suit only if the delay was unreasonable and prejudicial. *Jenot v. White Mt. Acceptance Corp.*, 124 N.H. 701, 710 (1984). In this case, the respondent bears the burden of proving both that the delay was unreasonable and that prejudice resulted from the delay. *Id.* In determining whether to apply the doctrine, the trial court should consider the knowledge of the petitioner, the conduct

of the respondent, the interests to be vindicated and the resulting prejudice. *Miner v. A & C Tire Co.*, 146 N.H. 631, 633 (2001). This inquiry hinges upon the particular facts of each case and the trial court has broad discretion in deciding whether the circumstances justify the doctrine's application. *Id.*

For the time period from 1994 to 2000, the court found that because the petitioner did not know that the respondent was underpaying his child support obligation, her delay in bringing suit was reasonable. For the time period from 1988 to 1993, the court found that although the petitioner could have determined that the respondent was underpaying his child support obligation because she received his W-2 forms, her delay in bringing suit was not unreasonable because of the interest to be vindicated; namely, the payment of court-ordered child support by the respondent. *See Guri (Cushing) v. Guri*, 122 N.H. 552, 555-56 (1982) (stating that plaintiff was not estopped from alleging a breach of the defendant's obligations under the divorce decree despite her silent acceptance of partial payments, provided that she commenced suit for sums alleged to be due within the statute of limitations).

 The court further found that the respondent was not prejudiced by the delay in seeking modification because the child support order was easy to understand, he was aware of his ability to seek modification as early as 1991, and his mistaken belief as to his ability to offset payments made for his children was not sufficiently prejudicial. Because the trial court carefully and reasonably weighed the factors outlined in *Miner* in assessing whether laches should apply, we cannot say that the trial court committed an unsustainable exercise of discretion in rejecting the respondent's contention.

The respondent also argues that the trial court erred by bringing his child support obligation into conformity with the child support guidelines as of June 19, 2001, the date the petitioner filed her motion for contempt, instead of September 6, 2000, the date the petitioner served her motion to bring forward and modify upon the respondent. The petitioner argues that this issue was not preserved for our review because it was not raised in the trial court.

The respondent did not raise this issue in his motion for reconsideration or at the hearing on the motions for reconsideration. However, we have noted two exceptions to the rule that a party in a child support case must raise all issues in the trial court in order to preserve them for appellate review. *In the Matter of Ward & Ward*, 148 N.H. 588, 589 (2002). In both cases the trial court incorrectly deviated from the "express legislative

directive that the level of child support be calculated according to the guidelines." *Ward*, 148 N.H. at 589 (quotation omitted).

■ RSA 458-C:3, IV(c) (Supp. 2003) provides that "[i]f a petition for modification is granted, it shall be effective from the date of service of the petition upon the respondent." The trial court's revised final order calculates the child support arrearage according to the 1988 decree until June 19, 2001, and thereafter calculates the arrearage according to the guidelines. The trial court's order incorrectly notes that June 19, 2001, represented "the date ... the request for modification of child support" was filed. In fact, the petitioner's request for modification was filed on August 11, 2000, and served on the respondent on September 6, 2000. The trial court mistakenly utilized the wrong date in modifying the respondent's child support obligations. Because this error constitutes an inadvertent deviation from the "express legislative directive" of RSA 458-C:3, IV(c) and falls within the narrow exception to the preservation rule outlined above, we vacate the judgment for $234,817 and remand to the trial court.

Finally, in light of our ruling vacating the judgment, we need not address the remaining issue.

*Affirmed in part; vacated in part; and remanded.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred; BROCK, C.J., retired, specially assigned under RSA 490:3, concurred.