**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0093, In the Matter of Christopher Taylor and Therese Taylor, the court on November 15, 2016, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The petitioner, Christopher Taylor, appeals the order of the Circuit Court (Foley, J.) awarding child support and alimony to the respondent, Therese Taylor. He argues that the trial court erred in: (1) determining his present income, for purposes of child support, based upon his annual income rather than his monthly income, which fluctuates; (2) including commissions in gross income for purposes of calculating child support; (3) requiring him to pay child support and alimony "arrearages" within sixty days; (4) failing to deviate from the child support guidelines to avoid a confiscatory support order; (5) including "in kind" benefits in calculating his gross income; and (6) finding that he has the ability to pay $1,000 per month in alimony for five years.

The petitioner first argues that the trial court erred by determining his present income, for purposes of child support, based upon his average income rather than his monthly income, which fluctuates. We will not disturb the trial court's child support ruling absent an unsustainable exercise of discretion or an error of law. In the Matter of Laura & Scott, 161 N.H. 333, 335 (2010). In calculating child support, the trial court must first determine each parent's present income. In the Matter of Crowe & Crowe, 148 N.H. 218, 222 (2002); see RSA 458-C:3, II (Supp. 2015). The trial court makes the final decision as to what income figures should be used in calculating present income, based upon the facts presented at the hearing. Crowe, 148 N.H. at 222. The trial court may rely upon documentation of a party's past income to determine present income. See id. at 223. In this case, the trial court found that the best evidence of the petitioner's present income, as of the January 21, 2016 hearing, was his year-end paystub for 2015, which showed income of $217,813.89 for the year, or $18,151.16 per month. The record supports the court's finding.

The petitioner argues that the trial court, by determining his income in this manner, engaged in improper income averaging because his year-end paystubs included commissions, which fluctuate on a monthly basis. "Although averaging income over several years is not proper," Crowe, 148 N.H.

at 222 (emphasis added), "[i]n the case of a parent's fluctuating income, the correct course of action is to calculate the parties' child support obligation under the guidelines, and then to explain what, if any, circumstances warrant deviation from that amount," In the Matter of Hampers & Hampers, 166 N.H. 422, 444 (2014). In this case, the trial court calculated the petitioner's child support obligation under the guidelines and did not find circumstances warranting deviation. See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007) (We assume that the trial court made all subsidiary findings necessary to support its decree.). In his motion for reconsideration, the petitioner listed gross commissions received each month from September 15, 2014 through December 15, 2015. According to the petitioner's own calculations, he received gross commissions of at least $2,500 each month for fourteen of the sixteen months prior to the hearing. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in finding that the circumstances did not warrant deviation from the guidelines. See Laura, 161 N.H. at 335.

The petitioner next argues that the trial court erred by including his commissions in gross income for purposes of calculating child support, rather than as net income when the commissions were received. The statutory definition of "gross income" for child support specifically includes several types of fluctuating income, including commissions, tips, and bonuses. See RSA 458-C:2, IV (Supp. 2015). "The court, in its discretion, may order that child support based on one-time or irregular income be paid when the income is received, rather than be included in the weekly, bi-weekly, or monthly child support calculation." RSA 458-C:2, IV(c) (emphasis added). "Such support shall be based on the applicable percentage of net income." Id. The statute does not require the trial court to order commissions to be paid when they are received. See id. In this case, the petitioner received commissions each of the sixteen months prior to the hearing. Based upon this record, we cannot conclude that the court unsustainably exercised its discretion by including the petitioner's commissions in its calculation of gross income. See Laura, 161 N.H. at 335.

The petitioner next argues that the trial court erred in requiring him to pay child support and alimony "arrearages" of $51,941 within sixty days. The record shows that the respondent first requested child support and alimony on January 8, 2014. On September 18, 2014, the court ordered the petitioner to pay $2,219 per month in child support and $800 per month in alimony on a temporary basis. The court deferred ruling on retroactive child support and alimony until the parties completed discovery. On March 6, 2015, the respondent moved to modify child support and alimony and for contempt, alleging that the petitioner had understated his income on his July 23, 2014 financial affidavit.

2

On January 21, 2016, the court held a final hearing on child support and alimony. Based upon the evidence presented at the hearing, including year-end paystubs for 2014 and 2015, the court determined that the petitioner's income in 2014 was $19,938.76 per month, and that his income in 2015 was $18,151.16 per month. As previously noted, the court may rely upon year-end documentation without engaging in improper income averaging, particularly when the petitioner's proffered income estimates are unreliable. See Crowe, 148 N.H. at 223. The court found that the petitioner "understated his income on every single Financial Affidavit that he has filed with this Court since, and including, 7/23/14." The court ordered him to pay alimony of $2,429 per month starting January 8, 2014, and child support of $3,506 per month starting September 18, 2014, the approximate date on which the two older children were living primarily with the respondent. The court increased child support to $3,866 per month starting January 1, 2015, the approximate date on which the respondent started sharing residential responsibility for the parties' third child under the parenting plan. The court reduced alimony to $1,600 per month for the period September 18, 2014 through December 31, 2014, and increased it to $2,733 per month for 2015, based upon the parties' changing financial circumstances. This resulted in a child support and alimony "arrearage" of $51,941.

The petitioner does not dispute that the trial court, in its January 27, 2016 final order, had the discretion to award child support starting September 18, 2014, and alimony starting January 8, 2014, when the respondent first requested such support. Rather, he asserts that he reasonably believed that he had been paying the correct amount of support under the temporary order and that the court's final order, which "recaptures income from a prior year" is "highly disruptive and inappropriate." He argues that he made good faith estimates of his commissions, and that when completing financial affidavits, he was "looking . . . forward," not "retroactive[ly]." The trial court found this testimony to be "code for ignoring the factual information regarding his income that was on each and every paystub he received." "The credibility and forthrightness of the noncustodial parent in disclosing income is a factor to be considered in accepting evidence of net income." Crowe, 148 N.H. at 223 (quotation omitted). We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009).

In his motion for reconsideration, the petitioner asserted that "[a] lump sum payment on past arrearages is not feasible," but he did not elaborate. In his brief, he asserts in a similarly conclusory fashion that requiring him to pay the arrearage in a lump sum within sixty days constitutes an unsustainable exercise of discretion. To establish an unsustainable exercise of discretion, the petitioner must show that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. In the Matter of Conner & Conner,

3

156 N.H. 250, 252 (2007). Based upon this record, we cannot conclude that the petitioner demonstrated that the court's order requiring payment of the arrearage within sixty days was clearly untenable or unreasonable to the prejudice of his case. See id.

The petitioner next argues that the trial court erred in failing to deviate from the child support guidelines to avoid a confiscatory support order. See RSA 458-C:5, I(j) (2004). He argues that in some months, he may receive commission income that is insufficient to meet his support obligations. However, based upon the commissions he reported receiving during the months September 15, 2014 through December 15, 2015, he may receive commission income in some months that exceeds the income needed to meet his support obligations. Based upon this record, we cannot conclude that the trial court erred in failing to deviate from the guidelines to avoid a confiscatory support order. See Laura, 161 N.H. at 335.

The petitioner next argues that the trial court erred by including "in kind" benefits in calculating his gross income. He asserts, for the first time on appeal, that his paycheck includes line item amounts for certain benefits, such as an electronics allowance, a benefit supplement, and holiday pay, that he does not receive in money. See In the Matter of Clark & Clark, 154 N.H. 420, 425 (2006) (concluding that in-kind benefits are not included as items of "gross income" under RSA 458-C:2, IV). It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. In the Matter of Hampers & Hampers, 154 N.H. 275, 287 (2006). Although we recognize that the petitioner was self-represented in the trial court, the rules of preservation are not relaxed for self-represented litigants. In the Matter of Peirano & Larsen, 155 N.H. 738, 744-45 (2007). Moreover, this issue does not come within the narrow exception to our preservation requirement that applies when the trial court fails to follow the "express legislative directive that the level of child support be calculated according to the guidelines." See In the Mattter of Ward & Ward, 148 N.H. 588, 589 (2002) (quotation omitted). Because the petitioner has failed to demonstrate that he raised this issue in the trial court, we decline to review it on appeal. See Peirano, 155 N.H. at 744-45. We note further that even if the petitioner had raised this issue in the trial court, the court would have had the discretion to consider his in-kind benefits as a special circumstance warranting an upward deviation from the guidelines under RSA 458-C:5. See Clark, 154 N.H. at 425.

Finally, the petitioner argues that the trial court erred in finding that he has the ability to pay $1,000 per month in alimony for five years, asserting that in months when his commissions are lower than average, he will be unable to pay alimony. The trial court is afforded broad discretion in awarding alimony. In the Matter of Nassar & Nassar, 156 N.H. 769, 772 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. The petitioner's base salary is $9,166 per month. As previously

4

noted, by his own calculation, he received gross commissions in excess of $2,500 in fourteen of the sixteen months preceding the hearing. Based upon this record, we cannot conclude that the court unsustainably exercised its discretion in its alimony award. See id.

We have considered the petitioner's remaining arguments and conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**