# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0451, <u>In the Matter of Mary Schwarzer-Hampton and R. Scott Hampton</u>, the court on November 22, 2016, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that a formal written opinion is unnecessary in this case. The petitioner, Mary Schwarzer-Hampton (Mother), appeals an order of the Circuit Court (<u>Lemire</u>, J.) denying her petition to: (1) bring forward to enforce the parties' final parenting plan; (2) find the respondent, R. Scott Hampton (Father), in contempt; and (3) modify the parties' final parenting plan. We affirm.

The following facts were found by the trial court or are supported by the record. The parties were divorced by final decree in November 2012. The final divorce decree incorporated a final parenting plan and parenting plan addendum (collectively "parenting plan") agreed upon by the parties. The parenting plan provides the parties with shared decision-making responsibility over their daughter and outlines a process for resolving co-parenting disputes. In August 2014, Mother filed the present petition and Father objected.

The trial court held a hearing on Mother's petition in March 2015, at which Father testified and Mother made offers of proof and offered numerous exhibits into evidence. Following the hearing, the trial court denied Mother's petition by narrative order. The trial court did, however, <u>sua sponte</u> modify the parenting plan in two respects: to permit each parent to take a two-week summer vacation with their daughter; and "to clarify that the parties only need to contact and seek input from a parenting coordinator if they are unable to agree directly with one another about <u>major</u> decisions concerning [the child]." (Emphasis added.) The trial court denied Mother's motion to reconsider and this appeal followed.

On appeal, Mother argues that the trial court erred by: (1) <u>sua sponte</u> modifying the parties' parenting plan to require consultation with a parenting coordinator regarding only "major decisions"; (2) modifying this provision of the parenting plan absent an objective basis for doing so; (3) finding that the modification was in the child's best interests; (4) failing to explain how it was in the child's best interests; (5) finding Father's conduct excused under a "good cause" exception to contempt; (6) finding insufficient evidence of Father's contempt; and (7) excluding one of Mother's proposed exhibits on hearsay

grounds when the parties had purportedly agreed to that exhibit's admission and the trial court considered other hearsay evidence.

These arguments require us to review the trial court's findings regarding the parties' parenting rights and responsibilities, contempt, and exclusion of evidence at the hearing. On all of these issues, our review is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion. See In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011) (standard of review regarding parenting rights and responsibilities); In the Matter of Hampers & Hampers, 154 N.H. 275, 280 (2006) (standard of review regarding admissibility of evidence); In the Matter of Giacomini & Giacomini, 150 N.H. 498, 500 (2004) (standard of review regarding contempt).

As the appealing party, Mother has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, Mother's challenges to it, the relevant law, and the record submitted on appeal, we conclude that Mother has not demonstrated reversible error. See id.

Affirmed.

HICKS and BASSETT, JJ.; and SMUKLER, J., retired superior court justice, specially assigned under RSA 490:3, concurred.


**Eileen Fox,**
**Clerk**

2